**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LIBERTARIAN NAT'L
      COMMITTEE, INC.,          |

    Plaintiff,          |

  v.          |    NO.: 1:26-cv-01562-MIS-JFR

LIBERTARIAN PARTY OF       |
      NEW MEXICO, et. al.     |
    Defendants.         |

**RESPONSE TO DEFENDANTS' MOTION TO**
**DISMISS UNDER RULES 12(b)(1) AND 12(b)(6)**

Plaintiff Libertarian National Committee, Inc. respectfully submits this response to

defendants' Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) (the Motion).

Defendants raise the issue of subject matter jurisdiction over plaintiff's conversion claim

in both the Motion, doc. 29, and in their other motion to dismiss or to compel joinder. Doc. 28.

For the sake of judicial efficiency and economy, plaintiff has responded to the jurisdictional

arguments in its Response in Opposition to Defendants' Motion to Dismiss or Alternatively for

Joinder. Doc. 40. Plaintiff hereby incorporates those arguments made in that response, doc. 40, by

reference. D.N.M. LR-Civ. 7.1(a).

**INTRODUCTION**

The Motion argues that the Complaint does not allege any wrongdoing by the individual

defendants. To the contrary, the individual defendants are alleged to have:

- ". . . used the LNC's federally registered mark to, among other things, promote the interests of the Liberal Party USA political party, including soliciting funds, attracting, advertising, and running candidates for political office, engaging in political activism in person and

online including through the publication of communications concerning political issues, and gathering petition signatures from New Mexico voters." Doc. 1, ¶ 26.

- "created a likelihood of confusion within the public as to the source of their activities and as to the affiliation of their organization with the LNC without the LNC's consent, and have deprived the LNC's officially recognized affiliate of use of the Trademark to which it is entitled." *Id.*

- Engaged in "repeated and continuous distribution, advertising, and publication of information and materials containing references to 'Libertarian Party.'" *Id.* ¶ 32.

- Defendants' Infringing Uses of Plaintiff's Trademark include Defendants receiving money from individuals–by misleading and deceiving those individuals as to Defendants' relationship, affiliation or sponsorship with or by Plaintiff, and using Plaintiff's Trademark. *Id.* ¶ 34.

These allegations, along with nearly fifty other allegations against the individual defendants, are sufficient to allege violations of the Lanham Act and the tort of conversion.

Defendants' Motion at its core is complaining about plaintiff's use of the defined term "Defendants" to efficiently allege allegations common to both the individual defendants and the Libertarian Party of New Mexico. In support of this argument, defendants cite one case, *Robbins v. Oklahoma*, but ignore that the cited quote is limited to Section 1983 cases. Doc. 29 at 5 (citing *Robbins v. Oklahoma*, 519 F. 3d 1242, 1249-50 (10th Cir. 2008); *see also McGill v. Seehase*, No. 1:24-CV-00835-JMR-KK, 2025 WL 754128, at *2 (D.N.M. Mar. 10, 2025) (distinguishing *Robbins* from other cases and stating "[w]hile the federal pleading standard does not vary across subject matters, the degree of specificity required for factual allegations depends on context.") (citing *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023)).

This Court has recognized that *Robbins* reading of *Twombly* is limited to Section 1983 cases. *See McGill v. Seehase*, 2025 WL 754128, at *2. The court in *Robbins* begins by recognizing a complaint must meet the "minimal standard of notice pleading as articulated by the Court in *Twombly*" and then goes on to specifically identify Section 1983 cases, stating that Section 1983

2

complaints "against individual government actors pose a greater likelihood of failures in notice and plausibility." 519 F. 3d 1242, at 1249. In the Section 1983 context the court notes: "The *Twombly* standard may have greater bite . . ." *Id.* Only after giving this important context does the court suggest that it be "[made] clear exactly who is alleged to have done what to whom." *Id.* Defendants omit this context from their brief and ignore that the regular standard is that "under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (citing *Erickson v. Pardus*, 551 U.S. 89 (2007)); *see also Gree, Inc. v. Supercell Oy*, No. 2:19-cv-00311-JRG-RSP, 2021 U.S. Dist. LEXIS 26073, at *11 (E.D. Tex. Feb. 11, 2021) (holding in a patent case that, "A plaintiff need only provide representative examples of the alleged infringement so as to give defendants fair notice of infringement[.]"). Regardless of defendants' omission, the complaint meets the actual pleading standard articulated by our Circuit and the heightened pleading standard that defendants attempt to apply.

In essence, defendants' Motion wrongfully conflates providing adequate notice of a claim with a rigid requirement that plaintiff specifically name each defendant in each allegation. Plaintiff gives adequate notice of the claims against each defendant by using the defined term "Defendants" to make specific allegations against the individual defendants combined with the Libertarian Party of New Mexico. This is a commonly used tool in pleadings and motions. It is well-settled law that a corporation can only act through its officers, employees, and agents. *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F. Supp. 2d 1200, 1217 (D.N.M. 2011). In such a small organization like the Libertarian Party of New Mexico, it is more than likely that each of the individual defendants committed direct acts of infringement alongside the corporation's infringement.[1]

---

[1] As discovery progresses, it may become clear that the individual defendants are also secondarily liable for the trademark infringement of the Libertarian Party of New Mexico, but as it stands the individual defendants are alleged

At times the Complaint makes specific allegations against the Libertarian Party of New Mexico and at others it makes specific allegations against the individual defendants combined with the Libertarian Party of New Mexico. This is true for both plaintiff's Lanham Act claims and the conversion claim. *See e.g.*, Doc. 1, ¶¶ 26, 32, 34, and 84. Defendants' argument, if accepted, would require plaintiff to quadruple the size of its complaint and repeatedly name each individual defendant for each allegation. This is not required under *Twombly* or its progeny. The defendants have adequate notice of the claims against them on the face of the complaint, and this notice is demonstrated by their defenses in a 3-hour preliminary injunction hearing and prior briefing. This Court should deny the Motion.

## LEGAL STANDARD

"All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (internal citations omitted).

## ARGUMENT

## I
## THE COMPLAINT SUFFICIENTLY ALLEGES VIOLATIONS OF THE
## LANHAM ACT AND OF CONVERSION BY THE INDIVIDUAL DEFENDANTS

The complaint alleges that the individual defendants used the trademark LIBERTARIAN PARTY® (the Mark) to promote the interests of a competing political party by (1) "soliciting funds," (2) "attracting, advertising, and running candidates for political office," (3) engaging in

---

to have committed direct infringement through their own individual acts of causing confusion amongst New Mexico consumers. *See Pso-Rite.com LLC v. Thrival LLC*, No. 21-CV-00775-PAB-STV, 2024 WL 115124, at *7 (D. Colo. Jan. 10, 2024) (detailing types of secondary liability for trademark infringement).

online and in person "publication of communications concerning political issues." Doc. 1, ¶ 26. The complaint also alleges that the individual defendants engaged in "repeated and continuous distribution, advertising, and publication of information and materials containing references to 'Libertarian Party.'" *Id.* ¶ 32. The complaint goes on to allege, with respect to conversion, that the "Defendants have received annual distributions from the escrow funds in at least 2023, 2024, and 2025. Upon information and belief, the Defendants have spent, allocated, and otherwise unlawfully controlled these funds meant for the LNC to designate for distribution to its recognized affiliate." *Id.* ¶ 84. These are allegations of particularized conduct and are a sufficient factual basis to plausibly conclude that violations of the Lanham Act and conversion of funds have occurred. *Santa Fe All. for Pub. Health & Safety*, 993 F.3d 802, at 811. If the Court disagrees with the plaintiff, then plaintiff respectfully requests the opportunity to amend. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) ("The purpose of the Rule [15] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.").

## II
## THE COURT HAS ALREADY HELD THAT
## PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS

Noticeably absent from the defendants' Motion is any reference to the Court's finding that plaintiff is substantially likely to succeed on the merits against the individual defendants. The Court has already drawn more than a reasonable inference that the allegations have occurred; it has held that plaintiff is likely to succeed on the merits of its Lanham Act claims. Although the Court applies different standards when evaluating a motion to dismiss and a motion for preliminary injunction, the granting of the injunction cuts strongly against the defendants' attacks on the sufficiency of the complaint. There is certainly "reason to believe that this plaintiff has a reasonable

likelihood of mustering factual support for these claims." *Ortiz v. New Mexico*, 550 F. Supp. 3d 1020, 1081 (D.N.M. 2021) (citing *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)). The Court should deny defendants' Motion.

Dated: July 8, 2026.

Respectfully Submitted,

BARDACKE ALLISON MILLER LLP

By: */s/ Billy Trabaudo*
Benjamin Allison
Justin Miller
Billy Trabaudo
141 E. Palace Avenue
Santa Fe, NM  87501
505-995-8000
ben@bardackeallison.com
justin@bardackeallison.com
billy@bardackeallison.com

FRESH IP PLC

By: */s/ Cliff Hyra*
Clifford D. Hyra (*pro hac vice*)
VA Bar No. 75,021
11710 Plaza America Drive
Suite 2000
Reston, VA 20190
(866) 913-3499
cliff@freship.com

*Counsel for Plaintiff Libertarian Nat'l Committee*

6

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing to be filed through the Court's CM/ECF system which caused all parties and counsel entitled to receive notice to be served electronically as more fully described on the Notice of Electronic Filing.

BARDACKE ALLISON MILLER LLP

By:     */s/ Billy Trabaudo*
        Billy Trabaudo