**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LIBERTARIAN NAT'L COMMITTEE, INC.,**

   **Plaintiff,**

  **v.**            **Civ. No. 26-1562 MIS/JFR**

**LIBERTARIAN PARTY OF NEW MEXICO,**
**CHRIS LUCHINI, LAURA BURROWS, PAUL**
**MCKENNEY, FREDERICK SNOY, and**
**JAMES WERNICKE,**

   **Defendants.**

**<u>ORDER SETTING SETTLEMENT CONFERENCE</u>**

In an effort to facilitate a final disposition of this case, a settlement conference will be

conducted in accordance with the provisions of the Federal Rules of Civil Procedure 16(a)(5) on

**Friday, September 11, 2026, beginning at 9:00 a.m.**  The Court will hold the upcoming

settlement conference *via* Zoom.[1]  Instructions and an invitation to the Zoom meeting will be

sent to the parties in the days preceding the settlement conference.  Counsel are responsible for

ensuring that each of their settlement conference participants have the information necessary to

participate in the settlement conference by Zoom.[2]  The Court asks that all settlement conference

participants log in to the Zoom conference fifteen minutes prior to the starting time in case there

are any technical issues that need to be addressed prior to the conference.

The Court has set aside four (4) hours for this settlement conference.  However, the Court

expects the participants to keep their schedules open the entire day of the conference should the

---

[1] **REMINDER:  Recording or broadcasting of this conference is strictly prohibited.**  *See* D.N.M.LR-Civ. 83.1.

[2] Judge Robbenhaar expects attorneys and parties to wear proper courtroom attire, whether the settlement conference is held in person or virtually.

Court deem it necessary to continue negotiations.  **Motions to reschedule the settlement conference must be filed <u>no later than Friday, August 21, 2026</u>.**  Motions to reschedule the settlement conference filed after this date may be considered untimely in the Court's discretion.

All parties must appear for the Zoom settlement conference.  All corporate or governmental entities shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state).  *See* D.N.M.LR-Civ. 16.2(c).  An excusal request for a required participant must be made in writing seven (7) calendar days before the conference.  *See* D.N.M.LR-Civ. 16.2(d).

No later than the date set forth at the end of this Order, Plaintiff(s)' counsel shall serve on Defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff(s) assert will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of any claimed special damages – *i.e.*, damages for pecuniary losses, such as past medical expenses, lost wages, or property damages – that states the exact dollar amount Plaintiff(s) are claiming for each category; and (d) a settlement demand.  At the same time, counsel also must provide the Court a copy of this letter.

No later than the date set forth at the end of this Order, Defense counsel shall serve on Plaintiff(s)' counsel a letter that sets forth at least the following information: (a) any points in Plaintiff(s)' letter with which the defense agrees; (b) any points in Plaintiff(s)' letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.[3]  If a release is contemplated, Defense counsel shall include a proposed form of

---

[3] The settlement offer must be definite, meaning that it must state a single amount with no variables.  For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

release with its counteroffer. If Defendant(s) disagree with the amount of special damages Plaintiff(s) have claimed, Defendant(s)' counteroffer must state the dollar amount Defendant(s) believe to be correct for each category. For example, if Plaintiff(s) claim $1,000 in past medical expenses, and Defendant(s) believe the correct amount of past medical expenses is $500, Defendant(s)' letter must clearly state that Plaintiff(s)' past medical expenses amount to $500. It is insufficient to merely say, "Defendant(s) disagree that Plaintiff(s) have $1,000 in past medical expenses." Defense counsel must provide the Court a copy of this letter when it serves it on Plaintiff(s)' counsel.

Each of these letters typically should be seven (7) pages or fewer, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference. If settlement authority for Defendant(s) is provided by a committee, Defendant(s) must ensure that the committee has considered the points raised in Plaintiff(s)' letter in determining final settlement authority. Those attending the settlement conference and reviewing the letters exchanged must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[4]

If a dispute about special damages exists, counsel shall (1) meet in person or telephonically before the settlement conference to try to resolve the dispute (an exchange of emails or correspondence is insufficient) and (2) if the dispute cannot be resolved, counsel must bring all documentation supporting his or her position on special damages to the conference.

No later than the date set forth at the end of this Order, each party must provide me, in confidence, a concise letter (typically no more than 10 pages) that shall contain a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case;

---

[4] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; status of settlement negotiations to date; and the names of the individuals who will be attending the conference and in what capacity.  A party's confidential letter must not be a mere restatement of the letter served on opposing counsel.  All matters communicated to me in the confidential letter will be kept confidential and, unless authorized by the party submitting the letter, will not be disclosed to any other party, or to the trial judge.

Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording at least **ten (10) calendar days** before the conference.

When sending the above-described letters to the Court, the parties may do so by electronic mail (robbenhaarproposedtext@nmd.uscourts.gov).  It is not necessary to send an original if the statement is sent by electronic mail.

The Court will conduct a telephonic pre-settlement conference on **Tuesday, September 1, 2026, at 1:30 p.m.**  Counsel are to call Judge Robbenhaar's **Webex conference line at 1-855-244-8681, Access Code 2319 590 6841,** to connect to the proceedings.  Prior to the pre-settlement conference, counsel are directed to analyze and identify impediments to settlement, confer with their clients and prepare them for the mediation, and assess any additional information or matters that need to be addressed to the Court before the mediation.  At the pre-settlement conference, counsel should also be prepared to address:  (1) who will attend the settlement conference, and provide a brief statement as to their roles/positions in the case; (2) whether participants will be traveling from out of town to attend the conference; (3) in the case of institutional parties, whether settlement authority will come from pre-settlement

4

committee review and, if so, whether complete and timely information has been obtained and provided to the committee so that appropriate authority will have been granted; and (4) whether any additional documentation is needed concerning special damages claimed.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (e.g. insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact chambers to schedule a status conference to discuss the concern.

**IT IS THEREFORE ORDERED as follows:**

**Plaintiff's letter due to Defendants
and the Court:**                                        **Monday, August 17, 2026**

**Defendants' counteroffer letter due to
Plaintiff and the Court:**                              **Monday, August 24, 2026**

**Parties' confidential position statements
due to the Court:**                                     **Thursday, August 27, 2026**

**Telephonic pre-settlement conference:**               **Tuesday, September 1, 2026,
                                                        at 1:30 p.m.**

**Settlement conference:**                              **Friday, September 11, 2026,
                                                        at 9:00 a.m.**

**IT IS SO ORDERED.**

**JOHN F. ROBBENHAAR
United States Magistrate Judge**