**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LIBERTARIAN NATIONAL COMMITTEE INC.,

Plaintiff,

v. Civ. No. 1:26-cv-01562-MIS-JFR

LIBERTARIAN PARTY OF NEW MEXICO; CHRIS LUCHINI; LAURA BURROWS; PAUL MCKENNEY; FREDERICK SNOY; and JAMES WERNICKE,

Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS UNDER RULES 12(b)(1) and 12(b)(6)**

THIS MATTER is before the Court on Defendants Laura Burrows, Chris Luchini, Paul McKenney, Frederick Snoy, and James Wernicke ("Individual Defendants") and the Libertarian Party of New Mexico's ("LPNM," "together, "Defendants") Motion to Dismiss for Failure to State a Claim ("Motion"), ECF No. 29, filed June 24, 2026. Plaintiff Libertarian National Committee ("LNC" or "Plaintiff") filed a Response on July 8, 2026. ECF No. 41. Defendants did not file a reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court will DENY Defendants' Motion.

## I. Background

Plaintiff alleges trademark infringement by Defendants. Compl. at 1, ECF No. 1. Defendant LPNM began affiliating with Plaintiff in 1972, the year both Plaintiff and Defendant LPNM were founded. Mot. at 2–3, ECF No. 10. In 2001, Plaintiff trademarked the term LIBERTARIAN PARTY ® ("Mark"), Reg. No. 2,423,459, with the United States Patent and Trademark Office. *Id.*

at 2. As part of the registration, Plaintiff's use was recognized as starting on January 1, 1972. Trademark Registration at 1–2, ECF No. 1-1.

In August 2022, Defendant LPNM "notified the LNC that it was formally severing its affiliation with the LNC." Mot. at 3, ECF No. 10. In September 2022, Plaintiff LNC "formally disaffiliated with LPNM." *Id.* Defendant LPNM continued to call itself the Libertarian Party of New Mexico, including using the title on their party website, when soliciting political donations, when endorsing candidates and engaging with voters, with the state of New Mexico for elections, and otherwise as one would expect by a political party. *Id.* at 3–5.

Plaintiff sent at least four cease-and-desist letters starting in July 2023, with the most recent letter sent in May 2026. Compl. ¶ 25, ECF No. 1. On May 15, 2026, Plaintiff filed the instant suit, seeking to stop Defendants from continuing to hold themselves out as the Libertarian Party of New Mexico in alleged violation of Plaintiff's trademark. Compl., ECF No. 1. Plaintiff asserts that Defendants' "infringement has caused harm and damage to the LNC and its official affiliate, including monetary harm, political harm, and reputational harm; dilution and disparagement of the LNC's federally registered Trademark and the goodwill associated therewith." *Id.* ¶ 26.

On June 17, 2026, the Court issued a Preliminary Injunction enjoining Defendants from using "the LNC's federally registered trademark LIBERTARIAN PARTY®." ECF No. 25 at 21.

On June 24, 2026, Defendants filed this Motion arguing that the Court should dismiss claims against the five individual Defendants: Laura Burrows, Chris Luchini, Paul McKenney, Frederick Snoy, and James Wernicke. Mot. at 6–9, 11, ECF No. 29. Defendants also argue, as they do in their Motion to Dismiss Count V Under Rules 12(b)(7) and 19 for Failure to Join Indispensable Parties, or in the Alternative to Compel Joinder, ECF No. 28, that the Court should dismiss Count V for lack of subject-matter jurisdiction. ECF No. 29 at 9. Defendants argue in the

alternative that the Court should dismiss the individual plaintiffs as to Count V. *Id.* at 11. Finally, Defendants argue that dismissal of the individual Defendants should be with prejudice or, in the alternative, Plaintiff must amend its complaint to make allegations against each individual. *Id.* at 12–13.

Plaintiff argues in its Response to Defendants' other Motion to Dismiss, ECF No. 28, which also argued the Court should dismiss Count V, that the Court does have subject matter jurisdiction over Count V. Resp. at 9–10, ECF No. 40. Plaintiff additionally argues that the complaint sufficiently alleges Lanham Act violations and tortious conversion by the individual defendants and, in the alternative, requests the opportunity to amend its complaint. Resp. at 4–6, ECF No. 41.

## II. Legal Standard

### A. Failure to State a Claim

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (cleaned up).

**III. Discussion**

The Court finds that Plaintiff has asserted sufficient allegations against the Individual Defendants to survive a motion to dismiss for failure to state a claim. In addition, the Court will exercise supplemental jurisdiction over Count V.

**A. There Are Sufficient Allegations Against The Individual Defendants To Survive A Motion To Dismiss For Failure To State A Claim.**

Under the liberal notice pleading standard, Plaintiff need only state factual allegations that contribute to facial plausibility, in "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Santa Fe All. For Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021). "While the federal pleading standard does not vary across subject matters, the degree of specificity required for factual allegations depends on context." *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023). Unlike in other contexts, such as lawsuits arising under 42 U.S.C. § 1983, the Tenth Circuit has not found that it is "particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*" in the context of claims based in alleged trademark infringement arising under the Lanham Act. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Instead, the Tenth Circuit counsels courts that "[c]ontext matters in notice pleading. Fair notice . . . depends on the type of case." *Id.* at 1248. The Court has already defined the Lanham Act context here in its analysis of the merits undertaken in granting Plaintiff's Motion for a Preliminary Injunction. *See generally*, Order Granting Motion for Preliminary Injunction, ECF No. 25. In determining Plaintiff's likelihood of success on the merits, the Court analyzed the six factors the Tenth Circuit has identified in evaluating likely confusion in trademark infringement cases. ECF No. 25 at 5–15. Just as the Court found that Plaintiff provided sufficient evidence and argument of its allegations to weigh each likely confusion factor in Plaintiff's favor, the Court finds here that Plaintiff has also sufficiently alleged facts that plausibly allege the actions taken by each Defendant, including the Individual Defendants. *See* ECF No. 25 at 15.

Plaintiff has alleged actions taken by Defendants in violation of the Lanham Act, including the Individual Defendants, in paragraphs 26, 32, and 34. ECF No. 1 at 6–7. These allegations include: (1) using the Mark to fundraise for LPNM, (2) using the Mark in communications on behalf of LPNM, (3) using the Mark in gathering petition signatures from voters in New Mexico, and (4) distributing literature and advertising referencing the Mark. *Id.* Specific to the conversion claim, Plaintiff alleges that all Defendants, including Individual Defendants, have "spent, allocated, and otherwise unlawfully controlled" escrow funds disbursed to them in reliance on their continued use of the Mark. *Id.* ¶ 84. Therefore, on the face of the complaint, Defendants have clearly alleged that both LPNM as an organization and Individual Defendants as officers of LPNM have engaged in these activities.

New Mexico law that corporations, including nonprofit corporations, can act only through their officers, such as the Individual Defendants, further supports the sufficiency of the allegations. *See Two Old Hippies, LLC v. Catch the Bus LLC*, 784 F. Supp. 2d 1200, 1217 (D.N.M. 2011) ("A

corporation can only act through its officers and employees, and any act or omission of an officer or an employee of a corporation, within the scope or course of his or her employment, is an act or omission of the corporation.") (quoting *Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 855 (N.M. 1994)). LPNM, a nonprofit corporation, can therefore act only through the Individual Defendants—its Chairman and Director, Directors, and Co-Treasurers or, more succinctly, its officers. Compl. ¶¶ 3–7. The Complaint follows this logic, naming the organizational actor while also incorporating its officers, the actors necessarily involved in completing the alleged actions.

Accordingly, the allegations in the Complaint give sufficient notice of the actions that Plaintiff alleges Defendants took, including the Individual Defendants, and plausibly alleges both violations of the Lanham Act and tortious conversion. As such, all of Plaintiff's claims survive the Motion to Dismiss Under Rule 12(b)(6), including Plaintiff's claims against the Individual Defendants.

**B. The Court Has Supplemental Jurisdiction Over Count V.**

Because Defendants have properly raised the issue of supplemental jurisdiction in this Motion, rather than its Motion to Dismiss Count V under Federal Rules of Civil Procedures 12(b)(7) and 19 for Failure to Join Required and Indispensable Parties, the Court addresses the Motion to Dismiss Under Rule 12(b)(1) here.

The Court finds that it has supplemental jurisdiction over the conversion claim because it is based on the same nucleus of operative fact as the Plaintiff's federal question claims. Under 28 U.S.C. § 1376(a), in civil actions over which district courts have original jurisdiction, like federal question claims, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." In other words, the federal question claims and the state law claims

must derive from "a common nucleus of operative fact." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 157, 166 (1997).

Supplemental jurisdiction is a matter of judicial discretion, not a litigant's right. *Est. of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004). In determining whether to exercise supplemental jurisdiction, the Supreme Court "compelled courts to consider 'judicial economy, convenience, and fairness to litigants[.]'" *Williams v. Bd. Of Regents of Univ. of N.M.*, 990 F. Supp. 2d 1121, 1141 (D.N.M. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). On the other hand, Congress instructed that district courts may decline to exercise supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1376(c).

Courts, including the District of New Mexico, have interpreted § 1376(c) to require courts to exercise supplemental jurisdiction unless one of the four enumerated factors is present. *Williams*, 990 F. Supp. 2d at 1141–42 (citing cases).

Here, Plaintiff's Lanham Act claims, claims of original jurisdiction to the Court as federal question claims, and state law conversion claim share a sufficient common nucleus of operative fact for the Court to exercise supplemental jurisdiction over the conversion claim. The central facts of each of these claims involve LPNM's disaffiliation from LNC. The issues alleged in the Complaint arose after disaffiliation because LPNM continued utilizing the Mark in various ways. The foundational nature of the alleged use of the Mark is apparent to the Lanham Act claims,

which fundamentally involve unauthorized use of the mark. However, the alleged use of the Mark is also foundational to the conversion claim, which alleges that as a result of the continued use of the Mark, the Escrow Agent continued dispersing funds from the Escrow Account to which Plaintiff, or Plaintiff's New Mexico Affiliate, were entitled. Accordingly, the allegedly unauthorized use of the Mark after disaffiliation is the common nucleus of operative fact here.

In arguing that the Court should dismiss the conversion claim, Defendants provide argument and authority only relating to the common nucleus of operative fact issue. The Court does not find, considering the limited argument on this issue in both this and the other Motion to Dismiss Count V under Federal Rules of Civil Procedures 12(b)(7) and 19 for Failure to Join Required and Indispensable Parties, ECF No. 29 at 9–11, that it should dismiss the state law claim because Plaintiff did not plead supplemental jurisdiction in the Complaint. Nor does the Court find that any of the § 1376(c) factors apply in this case. This common law tort claim is not a novel or complex state law issue. Nor does the Court find that one state law tort count predominates the four counts alleging Lanham Act violations which the Court has not dismissed. Accordingly, the Court will exercise supplemental jurisdiction over Count V and deny the Motion to Dismiss Under Rule 12(b)(1).

## IV. Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6) is **DENIED.**

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE